) )

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2002 MAR -6 PM 7:07

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

MARY RICHARDSON,

          Plaintiff,

v.                                         Case No.: 5:00-Cv-208-Oc-10GRJ

P.R.I.D.E. TEXTILE DIVISION and
SUPERVISOR WELCH,

          Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's amended complaint (Doc. 7), which was filed August 9, 2000. Plaintiff, proceeding *pro se*, alleges that Defendants (her former employer and supervisor, respectively) discriminated against her on the basis of race. Thus, her claim falls under Title VII of the Civil Rights Act of 1964, as amended (i.e., 42 U.S.C. §§ 2000e et seq.). For the reasons specified below, the Court finds that Plaintiff's complaint, as amended, is due to be **DISMISSED without prejudice**.

### Plaintiff has repeatedly failed to comply with the Court's Orders.

On August 17, 2000, the undersigned entered an Order (Doc. 12) requiring that Plaintiff pay the $150.00 filing fee for this action pursuant to the provisions of the Prison Litigation Reform Act of 1996 (i.e., 28 U.S.C. § 1915(b)(1)-(2)).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

) 2 )

Specifically, Plaintiff was ordered to make payments as follows: an initial payment of $3.00; plus payments of 20% of each month's income credited to Plaintiff's prisoner account, submitted each time the amount in the account exceeds $10.00. To date, only two payments have been received, and a $107.65 balance remains.

Under the Order, Plaintiff also was required to submit certified copies of her prisoner account on a monthly basis. On only three occasions since the August 17, 2000 Order has Plaintiff submitted prisoner account statements. The last such statements were filed with the Court on October 3, 2001. Plaintiff has yet to account for the periods of September 2000 through December 2000, and September 2001 to the present. Thus, Plaintiff has failed to meet her reporting obligations to the Court. This failure, in turn, makes it impossible for the Court to determine whether Plaintiff has met her payment obligations to the Court.

In an Order entered June 21, 2001 (Doc. 15), the Court reminded Plaintiff of her obligations to the Court, cautioned Plaintiff that she "is ultimately responsible for payment of the filing fee if the agency with custody over her lapses in its duty to make payments on her behalf", and warned Plaintiff that "[f]ailure to provide certified copies of the prison account [or] failure to tender the appropriate amount of payment . . . will result in the dismissal of this action without further notice." This eventually prompted Plaintiff to submit a payment (the first of the two received so far), and several months of prisoner account statements (in two irregular installments). The Court received no payments and no prisoner account

) )

statements for several months thereafter.

In an Order entered February 7, 2002 (Doc. 19), Plaintiff was ordered to pay all amounts in arrears under the Court's previous Orders, and submit certified prisoner account statements for the missing periods. Plaintiff was warned once again: "Failure to comply with this Order will result in a recommendation that this action be dismissed." To date, Plaintiff's only response to this Order has been to submit a payment (the second of the two received so far). No additional prisoner account statements have been received.

Thus, Plaintiff is now in violation of three Orders through her failure to make payments and submit prisoner account statements in accordance with the provisions of the Prison Litigation Reform Act and the instructions of this Court. Furthermore, as discussed in more detail below, Plaintiff has violated two Court Orders by her failure to serve the complaint in this action.

The Eleventh Circuit has held that a court may dismiss an action for failure to comply with a court order, regardless of whether the plaintiff is *pro se*.[2] "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."[3] In the instant case, Plaintiff has repeatedly failed to comply with the Court's Orders. Further, Plaintiff has been warned twice about the consequences

---

[2] *See* Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Dismissal of an action for failure to comply with [a court order] is permitted under Fed. Rule Civ. Proc. 41(b).")

[3] Id.

3

of failing to comply with the Court's Orders. Accordingly, the undersigned finds that dismissal of this action is justified and appropriate.

### Plaintiff has failed to prosecute this action.

Plaintiff's original complaint was filed with the Court on June 28, 2000; her amended complaint was filed August 9, 2000. Under Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff in a civil suit must serve a summons and a copy of the complaint on the defendant(s) within 120 days after the filing of the complaint. Under Rule 4(l), after service is made, the plaintiff must provide proof of service to the court. To date, however, Plaintiff has not served Defendants with her complaint.

On March 29, 2001, the Court issued an Order To Show Cause (Doc. 13) requiring that Plaintiff explain to the Court in writing why she had not served the complaint on Defendants. On April 9, 2001, Plaintiff responded to the Order to Show Cause, but did not address her failure to serve the complaint.

In the Court's February 7, 2002 Order, the undersigned noted this persisting failure, and explicitly ordered Plaintiff to serve Defendants with a copy of the complaint within ten days (i.e., on or before February 25, 2002). The undersigned pointed out the procedure available to Plaintiff under Rule 4(c)(2) to have the United States Marshal serve her complaint. To date, Plaintiff has not provided proof of service to the Court, has not provided copies of the complaint to the Court, has not requested that the Court direct the Marshal to serve the complaint, nor has she

provided an explanation for her failure to serve the complaint.

It has been more than twenty months since Plaintiff initiated this action. In that time, Plaintiff has done nothing to prosecute this action. Under Rule 4(m), a court may dismiss an action without prejudice if a plaintiff fails to serve the complaint within the 120 day time limit, and the plaintiff fails to show good cause for the failure. Despite two Court Orders, Plaintiff has failed to serve the complaint, and has not offered any reason for her failure to do so. Accordingly, the undersigned finds that dismissal of this action is justified and appropriate.

## Conclusion

For the reasons specified above, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint, as amended, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Ocala, Florida, on this 6th day of March, 2002.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges,
Senior United States District Judge

Plaintiff *Pro Se*

) F I L E   C O P Y )

Date Printed: 03/07/2002

Notice sent to:

    Mary Richardson
    Dade Correctional Institution
    19000 S.W. 377th St., Suite 200
    Florida City, FL  33034